| Date Signed:<br>November 15, 2013 |  | SO ORDERED.<br><br>Robert J. Faris<br>United States Bankruptcy Judge |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF HAWAII

| In re:<br><br>JOHN JACOB ING,<br>Debtor and<br>Debtor-in-Possession | Case No. 12-02358<br>(Chapter 11)<br><br>Confirmation Hearing<br>Date:   October 21, 2013<br>Time:   9:30 a.m.<br>Judge:  Hon. Robert J. Faris |

FINDINGS OF FACT AND CONCLUSIONS OF LAW CONFIRMING
PHILLIS J. ING'S SECOND AMENDED PLAN
OF REORGANIZATION DATED AS OF SEPTEMBER 19, 2013

The hearing to consider confirmation ("Confirmation Hearing") of the *Creditor's Second Amended Plan of Reorganization Dated as of September 19, 2013*, was held on October 21, 2013, at 9:30 a.m., before the Honorable Robert J. Faris, United States Bankruptcy Judge for the District of Hawaii.  Appearances were noted on the record.  During the Confirmation Hearing, the Court approved the Proponent's Second Amended Plan of Reorganization Dated September 19, 2013.

1

Having considered all of the pleadings filed in support of confirmation, including the Debtor's Second Amended Plan of Reorganization Dated as of September 19, 2013 (the "Plan") [1] and based on the record in this case and related adversary proceeding, the arguments and representations of counsel and the Declaration of Phillis J. Ing filed herein on October 14, 2013, and good cause appearing, the court now makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. <u>Findings and Conclusions</u>.  This constitutes the Court's conclusions of law, and the findings set forth herein constitute the Court's findings of fact pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2. <u>Exclusive Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a))</u>.  This Court has jurisdiction over the Debtor's Chapter 11 Case and the confirmation of the Plan pursuant to 28 U.S.C. § 1334.  Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b) and this Court has

---

[1] Capitalized terms not herein defined shall have the meaning set forth in the Plan.

jurisdiction to enter a final order with respect thereto. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. <u>Judicial Notice</u>. The Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed herein and in the related adversary proceeding, all orders entered, and all evidence and arguments made, proffered, adduced and/or presented (and not subsequently withdrawn) at the hearings held before the Court during the pendency of the Chapter 11 Case.

4. <u>History and Background Regarding the Debtor and Proponent</u>. The Debtor is a licensed attorney and a resident of Honolulu. He owns (either directly or indirectly), the Ala Hoku Place Property, Harding Property, Iolani Avenue Property, Kaiolu Street Property, King Street Property, the Landmark Property and the Nuuanu Avenue Property.

5. The Debtor and Proponent are siblings. The Debtor and the Proponent (through their respective trusts) each own an undivided half interest in the 8th Avenue Property which they acquired from their father's trust in May, 2001. Since that time the Proponent has lived on the mainland and relied on the Debtor to manage the 8th Avenue Property which contains two rental properties which generate approximately $4,400 per month in rents.

3

6. In July, 2003, the Debtor and Proponent mortgaged the 8th Avenue Property with a loan from Bank of Hawaii ("BOH") in the original amount of $295,000.00. Debt service on the BOH mortgage is approximately $2,269 per month. However, the Debtor ceased making payments on the BOH mortgage and BOH commenced a pre-petition foreclosure action against the Debtor and Proponent.

7. The arrearage on the BOH mortgage as of November 4, 2013 is approximately $37,326.30, exclusive of legal fees and costs. Further, the Debtor has never made any distributions to Proponent on account of the Proponent's ownership interest in the 8th Avenue Property.

8. From approximately 2003 to 2012, the Debtor, through his wholly-owned entity Ing Realty, Inc., managed the two unencumbered properties owned by Proponent and referred to as the Haiku Property and Kukui Property (together, the "Rental Properties").

9. The Debtor collected rental income from the Rental Properties but failed to pay maintenance fees and taxes owed on the Rental Properties which resulted in the AOAOs for the Rental Properties commencing foreclosure actions against the Proponent.

10. The Debtor's actions forced Proponent to incur substantial legal fees and penalties to resolve the AOAO foreclosure actions.

U.S. Bankruptcy Court - Hawaii   #12-02358    Dkt # 174    Filed 11/18/13    Page 4 of 13

11. On March 8, 2013, Proponent commenced an adversary proceeding entitled *Ing v. Ing*, bearing adversary proceeding no. 13-90011 (the "Ing Adversary") seeking among other things, to (1) compel a partition sale of the 8th Avenue Property; (2) an accounting and an equitable adjustment and equalization for improper diversion of rental income from the 8th Avenue Property; (3) damages against the Debtor and his wholly-owned entity, Ing Realty, Inc., for mismanagement of the Rental Properties.

12. <u>Commencement of Chapter 11 Case</u>. On November 30, 2012 (the "Petition Date"), the Debtor commenced this case by filing a *pro se* voluntary petition for reorganization under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Hawaii.

13. <u>Competing Plans</u>. On May 10, 2013, the Debtor filed his Plan of Reorganization (the "Debtor's Plan"). At a hearing held on June 19, 2013, the Court approved the Disclosure Statement to the Debtor's Plan, subject to certain modifications which required the consent of counsel of BOH and Proponent. However, the Debtor did not submit an amended disclosure statement for approval by the Court.

14. On August 21, 2013, Proponent filed her Plan and related Disclosure Statement (the "Proponent's Disclosure Statement"). On September 23, 2013, the Court entered that certain *Order Approving Phillis Ing's Motion for Order*

5

*Approving Disclosure Statement for Plan of Reorganization; Exhibits A-C* ("Disclosure Statement Order") that, among other things, (a) approved the Proponent's Disclosure Statement pursuant to Bankruptcy Code section 1125 and Bankruptcy Rule 3017 and approved the form and method of notice of the confirmation hearing ("Confirmation Hearing Notice").

15. On September 10, 2013, the Debtor filed his First Amended Plan and First Amended Disclosure Statement. The hearing to consider the Disclosure statement to the Debtor's First Amended Plan was scheduled for October 21, 2013.

16. <u>Solicitation and Notice</u>. The Disclosure Statement Order, among other things, approved the Proponent's Disclosure Statement, finding that it contained "adequate information" within the meaning of section 1125 of the Bankruptcy Code, and set a deadline for service of the Confirmation Hearing Notice. On September 23, 2013, the Proponent served all creditors and parties in interest with the Confirmation Hearing Notice. Adequate and sufficient notice of the Confirmation Hearing and other requirements, deadlines, hearings and matters described in the Disclosure Statement Order were timely provided in compliance with the Bankruptcy Rules, and provided due process to all parties in interest.

17. All parties required to be provided notice of the Confirmation Hearing (including the deadline for filing and serving objections to confirmation of the Plan) have been given due, proper, timely and adequate notice in compliance

with the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order, and have had an opportunity to appear and be heard with respect thereto. No other or further notice is required.

18. <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u> In addition to Administrative Expense Claims and Priority Tax Claims, which need not be classified, the Plan designates twenty-two (22) Classes of Claims and one Class of Equity Interest. The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Equity Interests, as the case may be, in each such class. Valid business, factual, and legal reasons exist for separately classifying the various classes of Claims and Equity Interest created under the Plan.

19. <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>. The Plan provides for the same treatment for each Claim or Equity Interest in each respective class unless the Holder of a particular Claim or Equity Interest has agreed to a less favorable treatment on account of such Claim or Equity Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code. The Plan therefore satisfies section 1123(a)(4) of the Bankruptcy Code.

20. <u>Implementation of the Plan (11 U.S.C. § 1123(a)(5))</u>. The Plan, together with the documents and agreements comprising or contemplated by the Plan, provide adequate and proper means for the implementation of the Plan as

required by section 1123(a)(5) of the Bankruptcy Code. The Plan is funded by, among other things, the following: (i) the Mott-Smith Escrow; and (ii) cash from the sale of the 8th Avenue Property and the Landmark Property. The Plan therefore satisfies section 1123(a)(5) of the Bankruptcy Code.

21. <u>Additional Plan Provisions (11 U.S.C. § 1123(b))</u>. The other provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1123(b) of the Bankruptcy Code. The failure to specifically address a provision of the Bankruptcy Code in this Order shall not diminish or impair the effectiveness of this Order.

22. <u>Proponent's Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. Except as otherwise provided or permitted by orders of the Court, the Proponent has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Disclosure Statement Order, thereby complying with section 1125 with respect to the Disclosure Statement and the Plan.

23. <u>Plan is Proposed in Good Faith (11 U.S.C. § 1129 (a)(3))</u>. The Proponent has proposed the Plan (including all documents necessary to effectuate the Plan) in good faith and not by any means forbidden by law, thereby complying with section 1129(a)(3) of the Bankruptcy Code. The Proponent's good faith is evident from the record of the Chapter 11 Case, including the record of the hearing

8

U.S. Bankruptcy Court - Hawaii    #12-02358    Dkt # 174    Filed 11/18/13    Page 8 of 13

to approve the Proponent's Disclosure Statement, the record of the Confirmation Hearing, and other proceedings held in connection with the Chapter 11 Case. The Plan is based upon extensive, negotiations between and among the Proponent and other parties in interest. Moreover, the Plan accomplishes the goals of maximizing the Debtor's estate and equitable distribution of the Debtor's assets. Accordingly, the Plan and has been filed in good faith and the Proponent has satisfied her obligations under section 1129(a)(3).

24. <u>Payment for Services or Cost and Expenses (11 U.S.C. § 1129(a)(4))</u>. All payments made or to be made by the Debtor for services or for costs and expenses in connection with the Chapter 11Case, or in connection with the Plan and incident to the Chapter 11 Case, have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

25. <u>Acceptance by Certain Classes (11 U.S.C. 1129(a)(8))</u>. All Classes of Claims under the Plan are unimpaired under the Plan and are, therefore, conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.

26. <u>Treatment of Administrative Expense Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9))</u>. The treatment of Administrative Expense Claims and

U.S. Bankruptcy Court - Hawaii   #12-02358   Dkt # 174   Filed 11/18/13   Page 9 of 13

Priority Tax Claims satisfies the requirements of sections 1129(a)(9) of the Bankruptcy Code, as applicable.

27. <u>Feasibility (11 U.S.C. § 1129 (a)(11))</u>. The Plan provides for payment of Allowed Claims or cure thereof from the Mott-Smith Escrow on the Effective Date, or soon thereafter. As to the Debtor's ability to pay the Proponent's second mortgages held by BOH and the Proponent's 8th Avenue Damages Claim, the Plan provides for their payment from the Debtor's share of the proceeds of sale from the 8th Avenue Property and the Landmark Property which are more than sufficient. Accordingly, based on all of the foregoing, the Plan is feasible and section 1129(a)(11) is satisfied.

28. <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>. As required pursuant to the Plan, all fees payable under section 1930 of title 28 of the United States Code have been or will be paid on the Effective Date, or as soon thereafter as is practicable, thereby satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

29. <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, as such satisfying the requirements of section 1129(d) of the Bankruptcy Code.

30. <u>Satisfaction of Confirmation Requirements</u>. Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

31. <u>Good Faith</u>. The Proponent and all of her respective attorneys and representatives, (i) have acted in good faith in negotiating, formulating and confirming the Plan, and (ii) will be acting in good faith in proceeding to (a) consummate the Plan and the agreements, compromises, settlements, transactions, and transfers contemplated thereby or incorporated therein and (b) take the actions authorized and directed or contemplated by the Plan.

32. <u>Injunction, Exculpation, and Releases</u>. The Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the injunction, releases, and exculpations set forth in the Plan. Such provisions, in accordance with section 105(a) of the Bankruptcy Code, (i) are essential to the formulation and implementation of the Plan, as provided in section 1123 of the Bankruptcy Code, (ii) confer substantial benefits on the Debtor's estate, (iii) are fair and reasonable and (iv) are in the best interests of the Debtor, its estate, and parties in interest. Further, the exculpations and releases in the Plan do not relieve any party of liability for an act or omission to the extent such act or omission is determined to have constituted willful misconduct or gross negligence or the other exceptions set forth therein.

U.S. Bankruptcy Court - Hawaii   #12-02358   Dkt # 174   Filed 11/18/13   Page 11 of 13

33. <u>Compromise and Settlement</u>. Pursuant to section 1123(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9019, in consideration for the distributions and other benefits provided under the Plan, upon the Effective Date, the provisions of the Plan shall constitute a good-faith compromise and settlement of all Claims or controversies resolved pursuant to the Plan, including all disputes arising out of the Ing Adversary.

34. <u>Entry of Confirmation Order</u> Based on the foregoing findings and conclusions, it is appropriate for the Court to enter the Confirmation Order.

END OF ORDER

APPROVED AS TO FORM:

/s/ Susan Tius
Attorney for Bank of Hawaii

_____

Donald L. Spafford, Esq.
Attorney for John Jacob Ing,
Debtor and Debtor-in-Possession

Submitted by:

WAGNER CHOI & VERBRUGGE
CHUCK C. CHOI
ALLISON A.ITO
745 Fort Street, Suite 1900
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Fax: (808) 566-6900
Email: cchoi@hibklaw.com

Attorneys for Phillis J. Ing,
Plan Proponent

U.S. Bankruptcy Court - Hawaii   #12-02358   Dkt # 174   Filed 11/18/13   Page 13 of 13